OPINION
Defendant-appellant Simon Roots appeals the August 23, 2001 Judgment Entry of the Morrow County Court which sentenced him for a domestic violence conviction. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On July 21, 2001, appellant was charged and arrested with domestic violence, in violation of R.C. 2919.25, a misdemeanor of the first degree. On July 26, 2001, appellant appeared at his arraignment, without counsel, and plead no contest to the charge. Appearing before the county court judge, appellant reviewed a videotape indicating his rights as they related to the arraignment. When appellant appeared before the judge, the following exchange took place on the record:
 BAILIFF: Simon Roots. Mr. Roots, you are here this morning on Case Number 01-CRB-7410 which states on Saturday the 21st day of July, 2001, in the Township of Troy, you did knowingly cause or attempt to cause physical harm to a family or household member: To-wit, an Amy Warfield, otherwise known as Domestic Violence, in violation of ORC Code 2919.25.
 THE COURT: Okay. Mr. Roots, what you are charged with is a misdemeanor of the first degree which subjects you to up to six months in jail and up to a maximum fine of $1,000. Knowing that, sir, how do you wish to plead on that this morning?
MR. ROOTS: No contest, your Honor.
 THE COURT: You understand a plea of No Contest is an admission of the facts set forth in the citation and if I accept that plea I will find you guilty?
MR. ROOTS: Yes, your Honor.
 THE COURT: Now, you are appearing here today without counsel, it that correct?
MR. ROOTS: Yes, sir.
 THE COURT: Have you discussed the case with counsel prior to coming in?
MR. ROOTS: I talked to a couple of lawyers, sir.
 THE COURT: All right. You also presently played the videotape outlining your rights and different pleas that are available to you as a Defendant and the procedures we would follow in handling cases, is that correct?
MR. ROOTS: Yes, sir.
 THE COURT: You have any questions about what you saw or heard on the tapes with regard to those rights, pleas or procedures?
MR. ROOTS: No, sir.
THE COURT: You feel you understand them?
MR. ROOTS: Yes, sir.
 THE COURT: Knowing that, those things, you wish to proceed with your case and enter a plea of No Contest and waive your right to have counsel present with you this morning?
MR. ROOTS: Yes, your Honor.
* * *
 THE COURT: * * * Mr. Roots, is there anything you would like to tell the Court before the Court accepts or rejects your plea of No Contest.
 MR. ROOTS: Yes, sir, I would like to give you a little background on what happened * * *
* * *
 At that point I told her that she could find her own ride home. As I was turning to walk away she grabbed me. I pushed her then. She grabbed me again and pushed me and from that point on it was basically just wrestling match, sir.[1]
In a July 26, 2001 Judgment Entry, the trial court accepted appellant's plea of no contest and found him guilty. The trial court set a sentencing hearing for August 23, 2001.On August 3, 2001, the victim, Amy Warfield was subpoenaed to appear as a witness at the sentencing hearing. The victim impact statement, filed on August 16, 2001, indicated Ms. Warfield was pressured into making a statement and felt the charges should be dismissed. In a letter attached to the statement, Ms. Warfield stated:
 I believe these charges to be unfair due to the circumstances of the incident in question. You see, I was pressured into what I said by the other people we were with that night.
 Simon is a very good man which I believe to be incapable of senseless acts of violence. I know that he would never intentionally harm me, or anyone else.
 So I am pleading with you from the bottom of my heart, please dismiss the charges against Simon David Roots.
The trial court conducted the sentencing hearing on August 23, 2001. Ms. Warfield did not appear. The trial court permitted appellant to make an additional statement on the record with regard to the incident. Again, appellant stated the victim grabbed him, he pushed her, and a wrestling match ensued.
In an August 23, 2001 Judgment Entry, the trial court sentenced appellant to ninety days in the Morrow County Jail with seventy days of the jail sentence suspended and ordered appellant to pay a fine of $1,000 with $500 suspended. It is from this judgment entry appellant prosecutes this appeal, assigning the following error:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT BY ACCEPTING HIS PLEA OF NO CONTEST TO THE CHARGE OF DOMESTIC VIOLENCE WITHOUT FIRST DETERMINING ON THE RECORD THAT THE WAIVER OF RIGHTS WAS KNOWING, INTELLIGENT, AND VOLUNTARY AS REQUIRED BY THE STATE AND FEDERAL CONSTITUTIONS.
 I
In his first assignment of error appellant raises three issues. First, appellant maintains the procedures employed by the trial court in accepting appellant's no contest plea, which included an unrecorded videotape explanation of appellant's rights was insufficient to comply with the requirements of Crim.R. 11(E), 44(B) and (C), 22, and R.C.2937.07. As a related issue, appellant next argues appellant was unconstitutionally deprived at the explanation of the nature of the charge, any possible defenses to the charge, his right to counsel, his right to present a defense, his right confront and cross-examine adverse witnesses and other general rights essential to the broad understanding to the charge in order to enter a voluntary waiver of his rights. Finally, appellant maintains his waiver of rights and plea of no contest was involuntarily entered where his statement to the court prior to the trial court's acceptance of his plea, clearly indicated appellant asserted his innocence and claimed a defense. We disagree with appellant's contentions and address them in turn.
In the first and second issues set forth above, appellant maintains his plea of no contest was involuntarily entered where the record does not demonstrate appellant understood his rights before entering his plea. However, the record reflects appellant failed to request a transcript of the video tape he viewed pursuant to App.R. 9(B) or submit a statement of evidence pursuant to App.R. 9(C).
When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.[2] Because appellant has failed to provide this Court with those portions of the transcript, namely, the videotape in which the trial court explains each of appellant's rights, we must presume the regularity of the proceedings below and affirm pursuant to the directive set forth above in Knapp.
Further, we note the trial court did explain on the record the charge of domestic violence was a first degree misdemeanor and that it was punishable by a fine of up to $1,000 and up to six months in jail. The judge informed appellant a no contest plea was an admission of the facts set forth in the citation and if the trial court accepted the plea, he would find appellant guilty. Finally, appellant admitted he watched and understood the videotape played prior to his arraignment. Accordingly, we find appellant's plea was made knowingly, intelligently and voluntarily.
Finally, appellant asserts his plea of no contest could not be voluntary where appellant asserted his innocence and claimed self-defense in his statement to the trial court immediately prior to the trial court's acceptance of his plea.
The complaint, which was read to appellant at the arraignment hearing, alleged appellant knowingly caused or attempted to cause physical harm to a family or household member: to wit an Amy Warfield. After being advised a no contest plea was an admission of the facts set forth in the citation, appellant plead no contest to the charge. Accordingly, appellant admitted he knowingly caused or attempt to cause physical harm to Amy Warfield. This statement was further born out by appellant's explanation of the events that took place on the night of the incident. As stated above, in his statement at arraignment, appellant admitted he pushed the victim and engaged in a "wrestling match" with the victim.
Appellant also contends his statement indicates he asserted a claim of self-defense. The trial court chose not to believe appellant's full statement of the events as they transpired on the night of the incident. At the sentencing, after reading the victim impact statement, statement of witnesses, and again hearing the statement of appellant, the trial court stated "Sir, I question your credibility on this."
Because the trial court was free to accept of reject appellant's versions of the facts, and because appellant, by entering a no contest plea, admitted the facts contained in the complaint, and because appellant further admitted he was involved in a scuffle with Ms. Warfield, we see no error in the trial court's decision to accept appellant's plea of no contest.
Accordingly, appellant's sole assignment of error is overruled.
The August 23, 2001 Judgment Entry of the Morrow County Court is affirmed.
By: HOFFMAN, P.J. EDWARDS, J. and BOGGINS, J. concurs
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morrow County Court is affirmed. Costs assessed to appellant.
[1] Tr. at 2-6.
[2] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.